IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLISON A. CLELAND,<br><br>   Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner of the*<br>*Social Security Administration*,<br><br>   Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-00684-DBP<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This matter is before the Court under 28 U.S.C. § 636(c). (Docket No. 10.) Plaintiff appealed the Social Security Commissioner's decision denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). (Dkt. No. 2.) The Commissioner filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1). (Dkt. No. 5.) For the reasons set forth below, the Court interprets the Commissioner's motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and **GRANTS** it.

## II. PROCEDURAL HISTORY

Plaintiff filed a Title II DIB application, which the Commissioner denied initially, and upon reconsideration. (Dkt. No. 2 at 3.) Plaintiff then received a hearing before an administrative law judge ("ALJ"), who also denied Plaintiff's application. (*Id.*) Plaintiff requested that the Appeals Council review the denial. (*Id.*) On May 1, 2012, the Appeals Council issued Plaintiff a notice

denying Plaintiff's request for review. (Dkt. No. 2-2.)[1] Seventy-one days later, on July 11, 2012, Plaintiff filed the present complaint. (Dkt. No. 2 at 5.)

### III. STATEMENT OF RELEVANT LAW

A claimant may obtain judicial review of the Commissioner's "final decision" denying social security benefits. 42 U.S.C. § 405(g). However, the claimant must file a civil action seeking judicial review within sixty days after receiving the notice of such decision. *Id.*; 20 C.F.R. § 422.210(c). *See also Gossett v. Barnhart*, No. 04-7105, 2005 WL 1181154, at *1 (10th Cir. May 19, 2005) (unpublished).

Agency regulations presume a claimant receives such notice five days after the Commissioner issues it. 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice . . . ."); *id.* § 422.210(c) ("[T]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice . . . .").

The Commissioner moves to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) because this Court allegedly lacks subject matter jurisdiction where Plaintiff filed her complaint beyond the sixty day limit prescribed in 42 U.S.C. § 405(g). (Dkt. No. 5.) However, the sixty day limit constitutes a statute of limitations rather than a jurisdictional bar. *Gossett*, 2005 WL 1181154, at *1 n.1. Therefore, the Court construes the Commissioner's motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See Gossett*, 2005 WL 1181154, at *1 n.1 (doing the same).

When evaluating a 12(b)(6) motion, a court presumes the well-pled facts in the plaintiff's complaint are true, and draws reasonable inferences from those facts in the plaintiff's favor. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The court may

---

[1] Plaintiff attached the May 1, 2012 notice to her complaint. (Dkt. No. 2-2.)

also consider exhibits attached to the complaint. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964-65 (10th Cir. 1994). The plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV.      ANALYSIS OF THE COMMISSIONER'S MOTION TO DISMISS

### A. Whether Plaintiff Filed Timely Complaint

The Appeals Council issued the pertinent notice on May 1, 2012. (Dkt. No. 2-2.) As such, social security regulations presume Plaintiff received the Appeals Council's notice on May 7, 2012.[2] 20 C.F.R. §§ 404.901, 422.210(c) (presuming five day receipt unless claimant reasonably shows otherwise). However, Plaintiff tries to rebut this five day presumption. In a parenthetical clause within her complaint, she states her counsel's office received the notice on May 8, 2012. (Dkt. No. 2 at 3.)[3]

Even assuming Plaintiff received the notice on May 8, 2012, she failed to file her complaint sixty days thereafter, on July 9, 2012.[4] Plaintiff untimely filed her complaint two days later, on July 11, 2012. (Dkt. No. 2 at 5.) Accordingly, the Court concludes that Plaintiff's failure to timely file her complaint under 42 U.S.C. § 405(g) warrants dismissal under Fed. R. Civ. P. 12(b)(6). *See Gossett*, 2005 WL 1181154, at *1-2 (affirming district court's dismissal of complaint where the plaintiff filed complaint more than two years after Appeals Council mailed its notice).

---

[2] Because the fifth day fell on Sunday, May 6, 2012, the Court counts Monday, May 7, 2012 as the operative date. Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is . . . Sunday . . . the period continues to run until the end of the next day . . . .").

[3] Notably, Plaintiff does not allege she personally failed to receive timely notice.

[4] Because the sixtieth day fell on Saturday, July 7, 2012, the Court counts Monday, July 9, 2012 as the operative date.

### B. Whether Equitable Tolling Applies

The Court refuses to equitably toll the sixty day statute of limitations where Plaintiff failed to present equities to support tolling. Plaintiff does not allege she notified the Appeals Council regarding not timely receiving the May 1, 2012 notice. Nor does Plaintiff allege she requested more time from the Appeals Council to file her civil action. *Cf. Thomas v. Astrue*, No. 11-4088-SAC, 2012 WL 1893562, at *1 (D. Kan. May 23, 2012) (unpublished) (noting equitable tolling may be allowed "if a claimant filed a request for an extension of time with the Appeals Council prior to the expiration of the 60-day time limit . . . ."). In fact, Plaintiff never responded to the Commissioner's motion to dismiss to explain her untimely complaint. *Cf. Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007) (noting limitation periods may be tolled if a claimant "diligently pursues his claims, and demonstrates" that "extraordinary circumstances beyond his control" prevented him from timely filing).

### V.  ORDERS

For the reasons set forth above, the Court **GRANTS** the Commissioner's motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 5.) The Court **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief can be granted because Plaintiff failed to timely file her complaint under 42 U.S.C. § 405(g).

Dated this 11th day of September, 2013.

By the Court:

Dustin B. Pead
United States Magistrate Judge